The Honorable Ronnie Abrams
USDJ United States District Court
500 Pearl Street
New York, New York 10007-1312

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/22/13

Date: August 22, 2013

Via: Certified Mail

Re: Harold Warren—Vs.--Columbia Presbyterian Hospital, et al.
USDC, SDNY 12-CV-5139 (RA) (FM)

Dear Judge Abrams:

***Please note that plaintiff has undergone abdominal surgery, and for medical and health reasons will not be able to attend any hearings, until I present a letter of medical clearance from my physician to be able to resume.***

Plaintiff is further confused as to the the process by which:

- Your Honor issues an order allowing Pro Bono Counsel, yet plaintiff was contacted by the Harman Firm and given a contingency agreement instead.

- Then, upon plaintiffs reporting this matter and filing the Petition for a Pro Bono Attorney, Magistrate Judge Frank Mass rejected it, over ruling your decision made as a District Federal Judge.

- Plaintiff was further misled that the appeal of that order, that countered your order to allow Pro Bono representation, was going to the Appellee Court. Yet, the Pro Se Office instead gave it to You Honor, who returns the matter to Judge Frank Maas, and takes away the Pro Bono assistance you first allowed.

- Plaintiff at that time of July 25, 2013 completed appeal papers, and sought an appeal to the Appellate Court. It was seeking that the all court proceedings regarding plaintiff's case be adjourned until these matters; particularly of my being allowed to be represented by attorney has been resolved. This is warranted because plaintiff is becoming the focus of difficulties, not experienced before by merely following court rules, and seeking to inform the court of wrongdoing.

- This includes informing the court, that the Empire defendant would not accept that discovery ordered by Your Honor to be given them, that had been recorded by stenographer in open court. Yet, plaintiff having to present said discovery to the Pro Se Office as the alternative was never addressed. Consequently, again plaintiff was following your directives, was the impetuous of the recent correspondence to the court. However, it is plaintiff that appears to have been getting the difficulty not the parties instigating these problems.

Likewise, the proper venue for resolution for attorney complains is with the "New York State Bar Association" who is already reviewing these matters. They prohibit retaliation regarding requests for their review. They likewise, provide legal determinations on what

1

were proper attorney actions, which were not addressed in federal court. Plaintiff was inadvertently placed into this compromised position, which I never should have been placed into. Plaintiff had to either object to abuses by the Harman Firm from the beginning, otherwise to complain later on; I would be accused of not having acted promptly. Your order stated, "plaintiff could object to Pro Bono Counsel." Yet, plaintiff was never given that opportunity. Instead, plaintiff was ensnared as described below.

Regarding the assignment of a Pro Bono Attorney, plaintiff had never been contacted by the Pro Se Office, to inform that the Harman Firm or anyone else was assigned. Instead, plaintiff just got a call from the Harman Firm claiming to be representative's of the court that would be providing Pro Bono assistance. <u>No attorney ever met with me during the entire course of these events with the Harman Firm.</u> Their paralegals distracted me and gave a contingency agreement. My letter upon returning home, and seeing what they did, was sent to them the very next day in complaint. The Harman firm ignored my letter and all requests to be seen by an attorney. Then, they would not return my calls. Instead, they put a "Notice of Appearance" on my case without my permission, which also had to be appealed. I even had to contact the Empire lawyer to find out Settlement Hearing dates, because the Harman firm cancelled twice without informing me.

**These occurrences appear to be within the internal matters of the court. Yet, plaintiff finds himself entangled when I should not be. Most of my time should not unfairly require trying to undo problems originating at the Pro Se Office. With a proper procedure of notification in writing by the Pro Se Office of the assignment of a Pro Bono attorney, none of these problems as stated and unrelated to my case, or presentation as a Pro Se litigant, would have occurred.**

This further demonstrates the need for plaintiff having legal counsel because my court case has been complicated even amongst the defendants who observe these proceedings.

In that plaintiff is likewise seeking legal counsel, it seems punitive to direct plaintiff to proceed, without being given time to seek legal counsel of any means.

Furthermore, plaintiff feels that due to the actions of the Harman Firm to misrepresent that they were in compliance with your court order, that plaintiff's case is in jeopardy and has already been seriously side-railed through no fault of the plaintiff's. Therefore, plaintiff again needs counsel, since; the Harman Firm claimed they were acting as court agents.

It is paradoxical, if the courses of the resent court rulings are to be understood, that plaintiff would have been better off allowing the paralegals of the Harman Firm to: lie and mislead myself and the court, to disregard your order to present discovery to the defendants, allowed them to scam one third of anything gotten for the Settlement Hearings (needed to pay surgical, medical, dental and other outstanding expenses) and to have surrendered all control of my case; even without having ever met with an attorney. On top of that I would have myself had to ignore all literature and instructions regarding my being required to promptly report all irregularities of these natures to the court.

That was not my concept of what justice is. However, my having called these matters to the attention of the court has gotten plaintiff in return: terrible compromise situations, and extensive amounts of time and correspondence, not having to do with the substance of the litigation against the defendants.

Plaintiff would be willing to provide any further documentation upon request as needed.

Respectfully,

*Harold Warren*

Harold Warren


The Honorable Frank Maas
United States District Magistrate judge
United States Court Southern District
500 Pearl Street
New York, New York 10007-1312
Via: Fax 212-805-6724

| | | | | | PAGE. | 1/ 1 |

**Last Transmission**

Aug.22.2013 04:13

Name :

Tel :

| Date | Time | Type | ID | Duration | Pages | Result |
|------|------|------|------|----------|-------|--------|
| Aug.22 | 04:11 | Send | 12128056724 | 01:23 | 3 | OK |